UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEO PAUL DESSELLE, III                                           CIVIL ACTION

VERSUS                                                               No. 15-693

SYNCHRONY BANK                                                   SECTION I

ORDER AND REASONS

Before the Court is a motion[1] filed by plaintiff, who is proceeding *pro se*, for default judgment against defendant, Synchrony Bank ("Synchrony"). In response to such motion, defendant filed a motion[2] to set aside the preliminary default that was entered against it on April 23, 2015.[3] For the following reasons, defendant's motion to set aside the entry of default is **GRANTED**, and plaintiff's motion for a default judgment is **DENIED**.

BACKGROUND

This case arises out of a dispute between the parties regarding a credit card account.[4] As alleged in plaintiff's *pro se* complaint, defendant obtained a judgment against plaintiff "for the amount of $11,155.77 on a debt that was charged []off as a loss and sold on October 28, 2010."[5] Plaintiff alleges that such judgment was obtained due to defendant's "fraudulent and deceptive actions,"[6] and he seeks to have that amount "returned because of illegal, corrupt, deceitful and fraudulent collection practices by Defendant."[7]

---

[1] R. Doc. No. 8.
[2] R. Doc. No. 9.
[3] R. Doc. No. 7.
[4] R. Doc. No. 1; R. Doc. No. 1-1, at 1.
[5] R. Doc. No. 1, at 1.
[6] R. Doc. No. 1, at 1.
[7] R. Doc. No. 1, at 2.

Plaintiff filed the complaint in this case on March 4, 2015.[8] According to the return filed into the record, service was made on March 20, 2015, and received by "Michelle Bruno – Corporate Consumer Relations" at a Synchrony Bank location in South Dakota.[9] According to defendant, Michelle Bruno is "a low-level customer service representative" who "is not an officer or agent authorized to accept service on behalf of Synchrony."[10] Based on this return of service, defendant's answer was due on April 10, 2015.[11]

Plaintiff filed a motion for preliminary default on April 21, 2015,[12] and in the absence of an answer or appearance by defendant, the Clerk of Court granted such motion and entered a preliminary default on April 23, 2015.[13] Defendant states that it first learned of the entry of default against it on April 29, 2015, and "immediately began preparing" a motion to set aside the default.[14] Plaintiff then filed a motion for a default judgment on May 1, 2015,[15] and defendant filed a motion to set aside the entry of default on May 5, 2015.[16]

Defendant argues that the complaint was not properly served and that good cause exists to set aside the default.[17] Defendant also "requests leave to file its responsive pleading to defend this action on the merits, including a motion to dismiss for insufficient service and for failure to state a claim upon which relief can be granted."[18]

---

[8] R. Doc. No. 1.
[9] R. Doc. No. 5, at 1; *see also* R. Doc. No. 9-1, at 1-2.
[10] R. Doc. No. 9-1, at 2.
[11] *See* R. Doc. No. 5.
[12] R. Doc. No. 6.
[13] R. Doc. No. 7.
[14] R. Doc. No. 9-1, at 3.
[15] R. Doc. No. 8.
[16] R. Doc. No. 9.
[17] R. Doc. No. 9-1, at 4-7.
[18] R. Doc. No. 9, at 1.

**LAW AND ANALYSIS**

Rule 55(c) of the Federal Rules of Civil Procedure provides, "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). When determining whether good cause has been demonstrated, the Court should consider (1) whether the default was willful, (2) whether setting the default aside would prejudice the adversary, and (3) whether a meritorious defense is presented.[19] *In re Chinese Manufactured Drywall Prods. Liability Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)); *see also CJC Holdings*, 979 F.2d at 64. "Of these factors, two can be determinative: a district court may refuse to set aside [an entry of default] if it finds either that the default was willful or that the defendant failed to present a meritorious defense." *Scott*, 2014 WL 274493, at *4; *see also In re OCA*, 551 F.3d at 370; *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119-20 (5th Cir. 2008); *Dierschke v. O'Cheskey*, 975 F.2d 181, 183-84 (5th Cir. 1992).

"These [three] factors, however, are neither 'talismanic' nor 'exclusive.'" *Broadwing Comm., Inc. v. Harris*, No. 00-1125, 2000 WL 1059863, at *1 (E.D. La. Aug. 1, 2000) (Vance, J.) (quoting *Dierschke*, 975 F.2d at 183). "Other factors that a court may consider include whether 'the public interest was implicated,' whether 'there was a significant financial loss to the

---

[19] The U.S. Court of Appeals for the Fifth Circuit has "interpreted Rule 60(b)(1) as incorporating the Rule 55 'good-cause' standard applicable to entries of default." *In re OCA, Inc.*, 551 F.3d 359, 369 (5th Cir. 2008); *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992). The test used is the same, but "the standard for setting aside a default decree is less rigorous than setting aside a judgment for excusable neglect." *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985); *see In re OCA*, 551 F.3d at 370 (noting that "courts apply essentially the same standard" but that a motion to set aside default "is more readily granted than a motion to set aside a default judgment"); *see also Scott v. Carpanzano*, No. 13-10096, 2014 WL 274493, at *4 n.3 (5th Cir. Jan. 24, 2014). Accordingly, with that caveat, the Court also considers Rule 60(b)(1) cases that discuss these factors, and any references in this order and reasons to setting aside a default judgment should be understood as referring to setting aside an entry of default.

defendant,' and whether 'the defendant acted expeditiously to correct the default.'" *Id.* (quoting *Dierschke*, 975 F.2d at 184); *see also Indigo Am., Inc. v. Big Impressions, LLC*, 597 F.3d 1, 3 (1st Cir. 2010).

Federal courts possess broad discretion when determining whether to set aside defaults, as defaults are generally disfavored and federal courts prefer to resolve disputes on the merits. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993). Defaults are extreme sanctions reserved for rare occasions, and doubts as to whether or not a defendant has shown good cause should be resolved in favor of setting aside the default. *See Lindsey*, 161 F.3d at 893.

The Court addresses the relevant factors in turn.

1. *Willfulness*

According to an affidavit by defendant's lead counsel, defendant learned of this case prior to the April 10, 2015 response deadline "via docket searches." [20] It then "began researching the allegations but did not file a responsive pleading, as Synchrony had not been served."[21] Defendant did not learn of the response deadline until after it had passed,[22] and upon learning of the entry of default, defendant's counsel "immediately began drafting the present Motion to Set Aside Entry of Default, which was filed only three business days after Synchrony learned of the Entry of Default."[23]

---

[20] R. Doc. No. 9-3, ¶ 3.
[21] R. Doc. No. 9-3, ¶ 3.
[22] R. Doc. No. 9-3, ¶ 5.
[23] R. Doc. No. 9-3, ¶ 7.

Contrary to plaintiff's conclusory assertions,[24] counsel's affidavit supports a finding that defendant's default was not willful, and plaintiff has not submitted any evidence to suggest otherwise. Although plaintiff asserts that service was proper,[25] that question is better resolved by the Rule 12(b) motion to dismiss that defendant intends to file.[26] Accordingly, the Court finds that this factor favors setting aside the default.

2.    *Prejudice*

Plaintiff has not demonstrated that he will be prejudiced by setting aside the default. The Fifth Circuit has been clear that merely requiring a plaintiff to prove his case on the merits does not establish prejudice for the purpose of determining whether to set aside a default. *See Lacy*, 227 F.3d at 293; *One Parcel of Real Prop.*, 763 F.2d at 183; *Jenkens*, 542 F.3d at 122. "[M]ere delay does not alone constitute prejudice. Rather, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Lacy*, 227 F.3d at 293 (internal quotation marks omitted). Plaintiff has not alleged any specific harm that he is likely to suffer if the default is set aside, "nor does any potential for unfair prejudice appear in the record." *Id.* Accordingly, the Court finds that this factor also favors setting aside the default.

3.    *Meritorious Defense*

The standard for determining whether a defense is meritorious is not whether it will ultimately be successful but, rather, "whether the evidence submitted, if proven at trial, would constitute a complete defense." *Jenkens*, 542 F.3d at 122 (internal quotation marks omitted). The defendant must make this showing with definite factual allegations, not mere legal conclusions.

---

[24] R. Doc. No. 12, at 4 ("Defendant can only show in this case that the default was willful and lacks a meritorious defense.").

[25] *E.g.*, R. Doc. No. 12, at 7.

[26] *See* R. Doc. No. 9, at 1.

*See id*. "In determining whether a meritorious defense exists, '[t]he underlying concern is . . . whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *In re OCA*, 551 F.3d at 373 (alterations in original) (quoting *Jenkens*, 542 F.3d at 122).

Defendant has identified both procedural and substantive defenses.[27] Although plaintiff discusses the merits of such defenses,[28] the Court makes no determination at this time. Defendant has demonstrated it *may* have a meritorious defense to the claims against it, and such showing favors setting aside the default and allowing the complete litigation of plaintiff's claims. *See id*.

### 4.     Other Factors

The other factors identified in *Dierschke*, 975 F.2d at 184, are either inapplicable or weigh in favor of finding good cause. First, plaintiff has not demonstrated why public interest would be implicated by this contractual dispute between private parties. Second, defendant faces a significant financial loss as the requested default judgment against it totals $186,177.55 plus costs and interest.[29] Finally, defendant acted expeditiously to correct the default, having filed the motion to set aside the default "only three business days" after it was discovered.[30] Courts have upheld the setting aside of default in cases where defendants have acted much more slowly. *See Jenkens*, 542 F.3d at 122 (one month); *One Parcel of Real Prop.*, 763 F.2d at 182-83 (nineteen days); *see also Union Pac. R.R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 783 (8th Cir. 2001) (three weeks). The Court finds that these other factors weigh in favor of setting aside the default.

---

[27] R. Doc. No. 9, at 6-7.
[28] *See* R. Doc. No. 12, at 3-7.
[29] R. Doc. No. 8-1.
[30] R. Doc. No. 9-3, ¶ 7.

**CONCLUSION**

Having considered all of the relevant factors, the Court finds that there is good cause to set aside the entry of default against defendant pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. Accordingly, for the foregoing reasons,

**IT IS ORDERED** that defendant's motion to set aside the entry of default is **GRANTED**, and that plaintiff's motion for a default judgment is **DENIED**.

**IT IS FURTHER ORDERED** that defendant shall file responsive pleadings no later than **Monday, August 17, 2015**.

New Orleans, Louisiana, August 10, 2015.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**