UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEO PAUL DESSELLE, III | CIVIL ACTION |
| VERSUS | No. 15-693 |
| SYNCHRONY BANK | SECTION I |

## ORDER AND REASONS

Defendant has filed a motion[1] to dismiss plaintiff's complaint or, in the alternative, to quash improper service of process pursuant to Rule 4 and Rule 12(b)(5) of the Federal Rules of Civil Procedure.[2] Plaintiff has filed an opposition.[3]

"When service of process is challenged, the serving party bears the burden of establishing its validity." *People's United Equip. Fin. Corp. v. Hartmann*, 447 F. App'x 522, 524 (5th Cir. 2011). But "[t]he general rule is that a signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence." *Id.* Plaintiff filed a return of service,[4] but the Court finds defendant has overcome the presumption of proper service as service was improperly delivered to a customer service representative of Synchrony *Financial*, instead of defendant, Synchrony *Bank*.[5] Plaintiff made a second attempt to serve process[6] subsequent to defendant's filing of its motion, but that summons was returned

---

[1] R. Doc. No. 18.
[2] The Court has the power to construe a motion to dismiss pursuant to Rule 12(b)(5) as a motion to quash service. *Thomas v. New Leaders for New Sch.*, 278 F.R.D. 347, 352 (E.D. La. 2011) (Africk, J.); *U.S. Fire Ins. Co. v. Miller*, 2002 WL 31886812, at *2 (E.D. La. Dec. 18, 2002) (Vance, J.).
[3] R. Doc. No. 21.
[4] R. Doc. No. 5.
[5] R. Doc. No. 18-2, at 2. Service of process on a parent corporation is effective as to a subsidiary corporation only "where the evidence shows that one is the agent or alter ego of the other." *Delta Constructors, Inc. v. Roediger Vacuum, GmbH*, 259 F.R.D. 245, 249 (S.D. Miss. 2009) (citations omitted). Plaintiff has offered no evidence that Synchrony Financial is the alter ego of its subsidiary, Synchrony Bank, and so service on the former is ineffective as to the latter.
[6] R. Doc. No. 19.

unexecuted.[7]  This second summons apparently was also directed to a representative of Synchrony Financial, not Synchrony Bank.[8]

In order to properly serve process on Synchrony Bank, plaintiff must deliver a copy of the summons and of the complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" for Synchrony Bank.  Fed. R. Civ. P. 4(h)(1)(B).  Rule 4(e)(1) of the Federal Rules of Civil Procedure likewise allows service pursuant to state law, and the Louisiana Code of Civil Procedure provides that a corporation is served "by personal service on any one of its agents for service of process."  La. Code Civ. Proc. art. 1261(A).  *Thomas v. New Leaders for New Sch.*, 278 F.R.D. 347, 351 (E.D. La. 2011) (Africk, J.).

The complaint in this case was filed on March 4, 2015.[9]  Approximately 200 days have passed since that date.  Pursuant to Federal Rule 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against the defendant or order that service be made within a specified time."  Accordingly,

**IT IS ORDERED** the motion to dismiss is **DENIED** and the motion to quash is **GRANTED.**  Plaintiff is to file a return of service with the Court showing that service has been properly executed on defendant, Synchrony Bank, no later than **Friday, October 23, 2015.**  Plaintiff's failure to file a return with the Court by that date will result in dismissal of this matter.

New Orleans, Louisiana, September 24, 2015.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[7] R. Doc. No. 24.
[8] R. Doc. No. 19.
[9] R. Doc. No. 1.