UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LEO PAUL DESSELLE, III**                                    CIVIL ACTION

**VERSUS**                                                              No. 15-693

**SYNCHRONY BANK**                                            SECTION I

## ORDER AND REASONS

Before the Court is defendant's motion[1] to dismiss this lawsuit pursuant to Rules 8(a), 9, and 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues that plaintiff's claims are barred by (1) the *Rooker-Feldman* doctrine, (2) the statute of limitations, and (3) the pleading requirements for fraud claims. Plaintiff opposes the motion.[2] For the following reasons, the Court concludes that the *Rooker-Feldman* doctrine bars plaintiff's claims.[3]

Pro se plaintiff, Leo Paul Desselle, III ("Desselle"), filed the above-captioned matter on March 4, 2015, alleging that defendant, Synchrony Bank ("Synchrony"), "used fraudulent and deceptive actions to obtain a [state court] Judgment from Plaintiff for the amount of $11,155.77."[4] Desselle asks this Court to release the lien that was placed on Desselle's property as a result of the state court judgment, to award him compensatory damages for the amount of the state court judgment, and to impose punitive damages on Synchrony as punishment for their malicious and unlawful actions in obtaining the state court judgment.[5]

---

[1] R. Doc. No. 29.
[2] R. Doc. No. 30.
[3] Because the Court concludes that it is without subject-matter jurisdiction over this lawsuit as a result of the *Rooker-Feldman* doctrine, the Court does not reach defendant's other two arguments for dismissal.
[4] R. Doc. No. 1, at 1.
[5] R. Doc. No. 1, at 3.

As this Court has explained before, the *Rooker-Feldman* doctrine provides that "federal district courts lack subject matter jurisdiction to hear collateral attacks on state court judgments." *Owens v. Record Custodian, Dist. Attorney's Office*, No. 12-0698, 2012 WL 3597083, at *2 (E.D. La. Aug. 20, 2012) (Africk, J.) (citing *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994)). "The Supreme Court has definitively established . . . that 'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.' 'If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court.'" *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir.1994)).

The fraud claims Desselle alleges in this lawsuit are clearly barred by the *Rooker-Feldman* doctrine. Indeed, the requested relief would essentially require this Court to vacate the state court judgment. The law is clear, however, that "federal district courts . . . lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Id.* (internal quotation and citation omitted). If Desselle believes the state court judgment to be invalid, he must either challenge that judgment in state court or seek a writ of certiorari to the U.S. Supreme Court. Accordingly,

**IT IS ORDERED** that the motion to dismiss is **GRANTED**. All claims in the above-captioned matter are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, December 17, 2015.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE